NO. 07-07-0043-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 11, 2007


 ______________________________



IN THE INTEREST OF J.L.W.M., A CHILD


_________________________________



FROM THE COUNTY COURT AT LAW #1 OF RANDALL COUNTY;



NO. 4234-L1; HONORABLE JAMES W. ANDERSON, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND


 Following termination of his parental rights, appellant Johnny Lewis Monk filed a pro
se "Motion to Appeal" the trial court's judgment in which he indicates that he is indigent. 
Subsequently, appellant filed a Declaration of Inability to Pay Costs attesting that he is
indigent. We abate the appeal and remand the cause.

 In Texas, there is a statutory right to counsel for indigent persons who respond in
opposition to a parental termination case filed by a governmental entity. Tex. Fam. Code
Ann. § 107.031(a)(1) (Vernon Supp. 2006); see also In re M.S., 115 S.W.3d 534, 544 (Tex.
2003). Therefore, we abate the appeal and remand the cause to the trial court for further
proceedings. Upon remand, the trial court is directed to determine if appellant is indigent
and whether an attorney ad litem should be appointed to represent him on appeal.

 Should the trial court determine that appellant is indigent and entitled to an attorney
ad litem, the trial court is directed to appoint counsel and provide counsel's name, address,
telephone number, and state bar number to the clerk of this court immediately upon such
appointment. Any orders issued shall be included in a supplemental clerk's record to be
filed with the Clerk of this Court on or before Monday, June 11, 2007.

 The trial court is directed to hold any hearings it deems necessary to comply with
this order. Any such hearings shall be recorded and a supplemental reporter's record
containing these hearings shall be filed with the Clerk of this Court on or before June 11,
2007.

 It is so ordered.


 Per Curiam



s may be necessary to assure appellant effective assistance of counsel, which measures
may include the appointment of new counsel. If new counsel is appointed, the name,
address, telephone number, and state bar number of counsel shall be included in the order
appointing new counsel. 

 The trial court shall execute findings of fact, conclusions of law, and such orders as
the court may enter regarding the aforementioned issues and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental reporter's
record of the hearing shall also be included in the appellate record. The trial court shall file
the supplemental clerk's record and the supplemental reporter's record with the Clerk of this
Court by August 15, 2005. Finally, if new counsel is appointed, appellant's brief will be due
within 30 days after the deadline for filing of the supplemental clerk's record and the
supplemental reporter's record and the State's brief will be due within 30 days thereafter. 
Tex. R. App. P. 38.6(a) & (b). 

 It is so ordered. 

 Per Curiam 

Do not publish.